CV 13          5655

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAYNE CHRISTOPHER,

                                    Plaintiff,                    Index No.

-against-

THE CITY OF NEW YORK, POLICE OFFICER          **VERIFIED**
MICHAEL IOVINE (NYPD) SHIELD 11215, POLICE    **COMPLAINT**
SERGEANT BRIAN HILLMANN (NYPD) SHIELD
2252, POLICE OFFICER JOSEPH RUSSO (NYPD)      **JURY TRIAL**
SHIELD 16105, SERGEANT ANTHONY FAMIGHETTI     **DEMANDED**
(NYPD) SHIELD #2585, AND NYPD POLICE OFFICERS
JOHN DOE #1-10 (THE NAME JOHN DOE BEING
FICTITIOUS, AS THE TRUE NAME(S) IS/ARE
PRESENTLY UNKNOWN),

                                    Defendants.
-----------------------------------------------------------------X

        The Plaintiff, complaining by his attorney(s), the Law Office of Andrew L. Hoffman,

P.C., respectfully shows to this Court and alleges:


                                **JURISDICTION**

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of rights, privileges, and immunities secured to the Plaintiff by the Fourth and

Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Section

1983 and arising under the law and statutes of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an

action authorized by law to redress the deprivation under the color of law, statute, ordinance,

regulation, custom and usage of rights, privileges and immunities secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## **VENUE**

4.      Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Eastern District.

## **THE PARTIES**

5.    Plaintiff WAYNE CHRISTOPHER lives in Brooklyn, NY.

6.      Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7.      Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, its agents, servants, and employees, operated, maintained and controlled the New York City Police Department, including all the police officers thereof.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant Police Officers MICHAEL IOVINE, JOSEPH RUSSO, Sergeant BRIAN HILLMANN, Sergeant ANTHONY FAMIGHETTI and POLICE OFFICER(S) DOE #1-10 were employed by the Defendant CITY OF NEW YORK, as members of its police department.

9.      Upon information and belief, at all times hereinafter mentioned, all Defendant Police Officers, be they known or unknown, worked out of the Street Narcotics Enforcement Unit of the 79th precinct in Brooklyn, New York.

10.     The New York City Police Department is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the police chief of the New York City Police Department is responsible for the policies, practices, and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, and is the final decision maker for that agency.

11.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, the rights guaranteed by the Constitution, and the laws of the State of New York.

12.     Individual Defendants in this action are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

13.     On February 2, 2012 at about 2:15pm, in the vicinity of Nostrand Avenue and Monroe Street, Brooklyn, New York, Plaintiff Wayne Christopher had just left work when he came upon his cousin and several old friends, one of whom included Michael Harding.

14.     After the group engaged in conversation for several minutes, Harding asked Mr. Christopher if he could spare a cigarette.

3

15.     Mr. Christopher explained that he did not have any cigarettes on him, but he had some at his nearby apartment.

16.     Harding then accompanied Mr. Christopher to his apartment and waited outside while Mr. Christopher entered the residence, made himself a sandwich and obtained a cigarette for Mr. Harding.

17.     When Mr. Christopher emerged from the apartment, sandwich in hand, he gave the promised cigarette to Mr. Harding, and Mr. Harding immediately lit it and walked away.

18.     Mr. Christopher then made his way back to the street corner where his friends were, and proceeded to eat his sandwich, and continue conversing with his friends.

19.     Moments later, a police vehicle rolled up, and one of the officers ordered Mr. Christopher to drop his sandwich, and place his hands on the window of a nearby liquor store.

20.     Mr. Christopher complied fully with police orders.

21.     Mr. Christopher was then handcuffed, and led to a police vehicle where his head was unnecessarily slammed onto the hood of the car.

22.     Without permission or authority, police then proceeded to empty Mr. Christopher's pockets, retrieving nothing but his identification and $20 in cash.

23.     Mr. Christopher was then placed in the back of a police vehicle and transported to the 79th precinct for processing.

24.     Once at the precinct, Mr. Christopher saw Michael Harding, who had also been placed under arrest; at that point, police informed Mr. Christopher that the reason he had been arrested was for allegedly selling drugs to Mr. Harding.

25.     At no time during or subsequent to his arrest was Mr. Christopher read his Miranda rights.

4

26.     Mr. Christopher vehemently denied ever having sold Michael Harding anything, and Michael Harding corroborated Mr. Christopher's story.

27.     In response, the officers laughed heartily, and locked the men in separate cells.

28.     As Mr. Christopher's processing continued, he was forced to submit to a strip search in an open area, in view of random others not participating in the search.

29.     More specifically, Mr. Christopher was made to strip naked, bend over, squat, cough and expose his anus to ensure maximum humiliation.

30.     Mr. Christopher was subsequently charged with Criminal Possession with intent to sell, a B felony, Criminal Sale of a Controlled Substance, a B felony, and Criminal Possession of a Controlled Substance, an A Misdemeanor.

31.     Bail was set for Mr. Christopher relative to said charges, which he had no means of paying; thus, Mr. Christopher was forced to endure incarceration at Riker's Island.

32.     On or about February 8, 2012, the felonies were dropped, as there was no evidence to suggest Mr. Christopher had ever been in possession, much less sold, any narcotics.

33.     Inexplicably, the misdemeanor possession charge was retained.

34.     Accordingly, upon information and belief, Mr. Christopher was forced to endure some 14 days of incarceration at Riker's Island before being released on his own recognizance.

35.     Mr. Christopher's criminal case remained pending for approximately 6 more months when his case was adjourned in contemplation of dismissal.

36.     The trauma Mr. Christopher experienced as a result of his wrongful arrest and incarceration continues to haunt him to this day.

## AS AND FOR THE FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST
## ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -False Arrest/Imprisonment-

37.     Plaintiff incorporates by reference and realleges each and every allegation stated in

Paragraphs 1 through 36.

38.     The Fourth Amendment of the United States Constitution protects citizens from

unreasonable searches and seizures by government officials, and prohibit law enforcement

officers from arresting and detaining individuals in the absence of appropriate authorization.  It

also precludes police officers from conducting arrests in the absence of probable cause to believe

that a crime has been committed.

39.     The actions of the Defendants named above violated Wayne Christopher's rights under

Federal law.

40.     It is clear the Defendants lacked any good faith motivation or objectively reasonable

basis to support a legitimate probable cause arrest.

41.     Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to

the rights of Wayne Christopher.

42.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983,

given that said actions were undertaken under color of state law.

43.     As a direct and proximate result of the unconscionable acts described above, Plaintiff

Wayne Christopher has been substantially injured.

6

## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF
## AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Excessive Force-

44.     Plaintiff incorporates by reference and realleges each and every allegation stated in

Paragraphs 1 through 43.

45.     Defendants used excessive force against the Plaintiff by roughly handcuffing Plaintiff

and by deliberately and gratuitously slamming his head into a car during his arrest while

handcuffed and posing no threat.

46.     Any force used against the Plaintiff was excessive because he had not committed a crime

and there was no probable cause to believe Plaintiff had committed a crime.

47.     Defendants' actions were motivated by bad faith and malice, and/or deliberate

indifference to the rights of Mr. Christopher.

48.     All Defendants are liable for said damage and injuries pursuant to the Fourth Amendment

of the United States Constitution and 42 U.S.C. § 1983, given that said actions were undertaken

under color of state law.

49.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff

Wayne Christopher was substantially injured.


## AS AND FOR THE THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Illegal and Improperly Performed Strip Search-

50.     Plaintiffs incorporate by reference and realleges each and every allegation stated in

Paragraphs 1 through 49.

51.    The Fourth Amendment of the United States Constitution protects an arrestee's privacy interests in his person and prohibits bodily intrusions that are not justified under the circumstances, or which are made in an improper manner.

52.    Despite having no reason to believe Wayne Christopher might have hidden contraband on his person or up his rectum, Mr. Christopher was forced to stand completely naked, in full view to passersby of every gender, place his hands up against the wall and spread his feet apart while the officers inspected him, then manually pull his rectum open and cough to ensure maximum humiliation.

53.    Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of Mr. Christopher.

54.    This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

55.    As a direct and proximate result of the unconstitutional acts described above, Plaintiff Wayne Christopher has been substantially injured.


## AS AND FOR THE FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Malicious Abuse of Process-

56.    Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 55.

57.    Defendants issued legal process against the Plaintiff.

58.    Defendants issued legal process against the Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

8

59.    Defendants acted with intent to do harm to the Plaintiff, without excuse or justification.

60.    This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

61.    As a direct and proximate result of the unconstitutional acts described above, Plaintiff Wayne Christopher has been substantially injured.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PALINTIFF AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Denial of Constitutional Right to Fair Trial Due to Fabrication of Evidence-

62.    Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 61.

63.    Defendants created false evidence against Plaintiff Wayne Christopher.

64.    Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

65.    Defendants misled the judge and the prosecutors by creating false evidence against Plaintiff Wayne Christopher and thereafter providing false statements and testimony throughout the criminal proceedings.

66.    In creating false evidence against Plaintiff Wayne Christopher, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, Defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

67.    This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

9

68.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff

Wayne Christopher has been substantially injured.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## ON BEHALF OF THE PALINTIFF AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Conspiracy to Violate Plaintiffs' Civil Rights-

69.     Plaintiffs incorporate by reference and reallege each and every allegation stated in

Paragraphs 1 through 68.

70.     Defendant officers, acting under color of state law in both their individual capacities and

as agents for the City of New York, conspired together, reached a mutual understanding, and

acted in concert to undertake a course of conduct violative of Plaintiff's civil rights by agreeing

to intentionally manufacture evidence, wrongfully arrest, wrongfully incarcerate, improperly

search, and utilize excessive force against the Plaintiff.

71.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983,

given that said actions were undertaken under color of state law.

72.     Defendants' actions were motivated by bad faith, malice, and/or willful indifference.

73.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff

Wayne Christopher has been substantially injured.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS
## AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Failure to Intercede-

74.     Plaintiff incorporates by reference and reallege each and every allegation stated in

Paragraphs 1 through 73.

75. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials without the appropriate authorization.

76. The actions of Defendant officers detailed above violated the Plaintiff's rights under the United States Constitution. It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

77. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of the Plaintiff.

78. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

79. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been substantially injured.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## AGAINST THE DEFENDANT CITY OF NEW YORK

**- Implementation of Municipal Policies, Practices, and Customs that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees Under Color of State Law-**

80. Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 79.

81. Upon information and belief, Defendant Supervising Officer Sergeant Anthony Famighetti was directly responsible for supervising the other Defendant officers.

11

82.     Upon information and belief, Defendant City of New York and Sergeant Famighetti were supervisors and final decision makers, and as a matter of policy, practice, and custom, have acted with a callous, reckless and deliberate indifference to the Plaintiffs' constitutional rights and laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, including not making false arrests, manufacturing evidence and illegally searching innocent individuals.

83.     In the alternative, and upon information and belief, Defendants instituted policies addressing the topics listed above, but through deliberate indifference to the same culture of gross negligence, carelessness, and malice, and/or improperly pressuring officers to meet certain arrest quotas regardless of whether probable cause was present, demonstrated a willful indifference to the constitutional rights of the Plaintiff. The policies, procedures, customs and practices of the Defendants violated the Constitutional rights of the Plaintiff under the Fourth Amendment of the United States Constitution.

84.     This conduct on the part of Defendants City of New York and Sergeant Famighetti also represents a violation of 42 U.S.C § 1983, given that said actions were undertaken under color of state law.

85.     As a direct and proximate result of the unconstitutional acts described above, the Plaintiffs have been substantially injured.

## DEMAND FOR PUNITIVE DAMAGES

86.     The actions of Defendants described herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate

12

to punish the Defendants for their cruel and uncivilized conduct. The Plaintiff does not seek punitive damages against the City of New York.

## DEMAND FOR TRIAL BY JURY

87.    The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Wayne Christopher requests that this Honorable Court grant him the following relief:

A.  A judgment in favor of the Plaintiff against Defendant officers for compensatory and punitive damages in an amount to be determined by a properly charged jury;

B.  A judgment in favor of the Plaintiff against Defendant City of New York for compensatory damages in an amount to be determined by a properly charged jury;

C.  A monetary award for attorneys fees and costs of this action, pursuant to 42 U.S.C. § 1988;

D.  Any other relief this Court finds to be just, proper, and equitable.

Dated:  New York, New York
        October 15 , 2013

Respectfully Submitted By:

Andrew L. Hoffman, Esq. (AH9502)
Law Office of Andrew L. Hoffman, P.C.
*Attorneys for the Plaintiff*
261 Madison Avenue, 12 Floor
New York, NY 10016
T: (212) 736-3935
E: ahoffman@andrewhoffmanlaw.com

13

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK  ) SS.:


Wayne Christopher, being duly sworn, deposes and says:

That deponent is the plaintiff in the within action; and deponent has read the foregoing *Summons and Verified Complaint*  and knows the contents thereof; that the same is true except for as to those matters therein stated to be upon information and belief, and as to those matters, deponent believes them to be true.


WAYNE CHRISTOPHER


STATE OF NEW YORK )
COUNTY OF NEW YORK  ) SS.:

I CERTIFY that on *October 15, 2013*, Wayne Christopher personally came before me and acknowledged under oath, to my satisfaction, that this person:

(a) is named in and personally signed this document; and
(b) signed, sealed, and delivered this document as his/her act and deed.


Notary Public

ANDREW L. HOFFMAN
Notary Public - State of New York
No. 02HO6218718
Qualified in New York County
My Commission Expires Mar. 8, 2014